IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PATRICK CLENNON | * | |
| Plaintiff | * | |
| v. | * | CIVIL ACTION NO. RDB-07-386 |
| FREIGHTLINER, et al. | * | |
| Defendants | * | |

\* \* \* \* \* \*

## MEMORANDUM OPINION

The Plaintiff, Patrick Clennon ("Plaintiff" or "Clennon"), proceeding *pro se,* originally filed this action in the Circuit Court for Baltimore City, against the Defendants Freightliner, LLC ("Freightliner"), SelecTrucks of America, LLC ("SelecTrucks") and DaimlerChrysler Financial Services Americas LLC ("DaimlerChrysler"), alleging fraud and breach of contract in connection with his purchase of a used 2001 Freightliner truck at a SelecTruck dealership in Delaware. The Defendants timely removed this case to this Court. Subsequently, Defendant DaimlerChrysler filed a counterclaim alleging Clennon's breach of contract as a result of his abandonment of the vehicle and his default of his loan used to procure that vehicle. Now pending before this Court is the Defendants' Motion for Sanctions filed on July 25, 2007, pursuant to Rule 37 of the Federal Rules of Civil Procedure, for the Plaintiff's failure to abide by the Order of this Court and his failure to adequately respond to discovery requests in this case. The Defendants request that the sanctions include dismissal of the Plaintiff's case with prejudice and the entry of a default judgment in favor of the Defendant and Counterplaintiff

-1-

DaimlerChrysler.  A response was due to be filed by *pro se* Plaintiff Clennon by August 13,

2007.  The Plaintiff has filed no response.  For the reasons that follow, the Defendants' Motion

for Sanctions is GRANTED in part and DENIED in part.  It is granted with respect to the

imposition of sanctions including attorneys fees and costs.  It is denied with respect to the

dismissal of the cause of action and the entry of default judgment with respect to the

counterclaim of the Defendant DaimlerChrysler.

**Factual and Procedural Background**

The Defendants have correctly summarized the factual and procedural background of this

case.  The Plaintiff initially filed this complaint in the Circuit Court for Baltimore City, alleging

fraud and breach of contract relating to his purchase of a used Freightliner truck which the

Plaintiff purchased at the SelecTruck dealership in Delaware.  The Plaintiff's complaint

essentially alleged that he experienced "mechanical problems" with the vehicle and alleged that

the Defendants had knowledge as to unspecified "defects."  Ultimately, the Plaintiff abandoned

the vehicle and stopped making payments on the vehicle loan which had been procured from the

Defendant DaimlerChrysler.  After this case was removed to this Court, DaimlerChrysler filed an

amended answer and counterclaim.  The Plaintiff failed to abide by the initial Scheduling Order

entered by this Court on February 20, 2007, pursuant to which discovery was to have been

completed by July 5, 2007.  As a result of the Plaintiff's failure to respond to discovery requests

this Court sent a letter to the Plaintiff on June 4, 2007 to which there was no response.

Ultimately, a second letter was sent requiring the Plaintiff to contact the Court no later than June

18, 2007.  On that same day, the Plaintiff finally did contact the Court and a telephone

conference was conducted.  As a result, a Letter Order of June 18, 2007[1] was entered noting that there would be an extension of the discovery schedule, but that the Plaintiff was to provide discovery responses by July 3, 2007 or the Defendant should submit a request for sanctions under Rule 37 of the Federal Rules of Civil Procedure.  The subject motion results from the Plaintiff's continued failure to abide by the discovery rules of the Federal Rules of Civil Procedure and the Local Rules of this Court.

### Analysis

Rule 37(d) of the Federal Rules of Civil Procedure provides that if a party fails to serve answers or objections to interrogatories properly submitted under Rule 33 or to serve a written response to a request for inspection under Rule 34, the Court may enter an order "refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence" or "rendering a judgment by default against a disobedient party."  *See* Fed. R. Civ. Pro. 37(b)(2), (d).  Federal Courts possess great discretion to sanction parties for failure to obey discovery orders.  *See, e.g., Chambers v. NASCO, Inc*., 501 U.S. 32 (1991).  The United States Court of Appeals for the Fourth Circuit has noted that this wide discretion to impose sanctions must be guided by consideration of the following factors:

1.      Whether the non-compliant party acted in bad faith;

---

[1] During that telephone conference the *pro se* Plaintiff suggested that he may be represented by Ms. Sukari Hardnett, Esq., 1111 Bonifant Street, Silver Spring, MD 20910.  A copy of the Letter Order was forwarded to Ms. Hardnett, who has yet to enter her appearance in this case.

2.      The amount of prejudice his non-compliance caused his adversary, which

necessarily includes an inquiry into the materiality of the evidence he failed to

produce;

3.      The need for deterrents of the particular sort of non-compliance; and

4.      The effectiveness of less drastic sanctions.

*Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989).  The

Fourth Circuit has particularly noted that default judgments are given more scrutiny because they

deal with "the party's rights to a trial by jury and a fair day in court."[2]

In applying the four-part test established by the Fourth Circuit in the *Mutual Federal

Savings and Loan Association* case, the Defendants have aptly noted the bad faith of the *pro se*

Plaintiff in this case, who has continued to not abide by the Orders of this Court with respect to

discovery.  He not only has inadequately responded to interrogatory requests, but also has failed

to adequately respond to requests for production of documents.  His responses have not complied

with the Federal Rules of Civil Procedure and the Local Rules of the Court.  The prejudice to

these Defendants is quite clear as the Defendants have continued to incur legal costs with the

continued modifications of scheduling orders in this case due to the Plaintiff's failure to properly

proceed with his cause of action.  With respect to the third factor of the "need for deterrents,"

litigation can simply not proceed in this Court when a party continually fails to abide by

Scheduling Orders.  As has been aptly noted, a scheduling order "is not a frivolous piece of

paper, idly entered, which can be cavalierly disregarded by counsel without peril."  *DAG Enters.,

Inc. v. Exxon Mobile Corp.*, 226 F.R.D. 95, 109 (D.D.C. 2005).

---

[2]  The Plaintiff has not requested a jury trial in this case.

Nevertheless, it is the fourth and final factor which must be addressed by this Court - specifically "the effectiveness of less drastic sanctions."  As a result of the extreme nature of a Rule 37 dismissal, the United States Court of Appeals for the Fourth Circuit has previously "encouraged trial courts initially to consider imposing sanctions less severe than default." *Hathcock v. Navistar, Int'l Transp. Corp.,* 53 F.3d 36, 41 (4th Cir. 1995).  Generally, the preferable sanction is to limit a party's presentation of evidence as a result of a failure with respect to discovery.  As the Supreme Court has noted, the purpose of the discovery process is to allow both parties to be prepared for any evidence that would be put forward at trial.  *United States v. Proctor & Gamble Co.,* 356 U.S. 677, 682 (1958).  Accordingly, this Court will give the *pro se* Plaintiff Clennon one final chance to comply with the discovery rules of this Court. An initial sanction will be imposed with respect to the payment of money to the Defendants representing modest reimbursement for attorneys fees and costs.  The *pro se* Plaintiff will be given one last extension to provide information required by the discovery request of the Defendants.  His failure to do so, however, will result in the dismissal of this cause of action. Quite simply, to prohibit the *pro se* Plaintiff from introducing at trial the evidence that was sought in discovery would essentially result in a default judgment, in any case, as the Plaintiff would not be able to establish any of his claims without that excluded evidence.  Therefore, proceeding to further motions practice for a trial with the Plaintiff so restricted would only further increase the costs of the Defendants and waste this Court's time and resources.  For this reason, the Court will dismiss this cause of action if the *pro se* Plaintiff fails to abide by the Separate Order of this Court which follows.

**Conclusion**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, this Court shall, by separate Order, require that the Plaintiff pay $500 in attorneys fees and costs to counsel for the Defendants and shall file complete discovery responses, in compliance with the Federal Rules of Civil Procedure and the Local Rules of this Court within ten (10) days of the date of this Memorandum Opinion and Order.  His failure to comply with this Order will result in the DISMISSAL of this case and the entry of a Default Judgment in favor of the Defendant and Counterplaintiff DaimlerChrysler.[3]  A separate Order follows.

August 23, 2007

/s/
_____
Richard D. Bennett
United States District Judge

---

[3] In the event of the entry of a Default Judgment a subsequent hearing will be held with respect to damages.